ROMERO, PLAINTIFF AND APPELLANT, *v.* CALDERÓN, DEFENDANT
AND APPELLEE.

APPEAL from the District Court of San Juan, Section 2, in
an Action of Unlawful Detainer.

No. 1440.—Decided May 5, 1916.

UNLAWFUL DETAINER — DEFAULT — JUDGMENT — DISCRETION OF COURT — NEGLI-
GENCE.—In this case the defendant was summoned personally and as he
did not appear, judgment of unlawful detainer was entered against him.
Not having vacated the property within the time fixed, a writ was issued
to the marshal whose return shows that by agreement of the parties the
defendant was allowed fifteen days more within which to vacate the prop-
erty and not having done so, he was evicted therefrom and the plaintiff
put in possession. Later the defendant moved the court to set aside the
judgment on the ground that upon being summoned he delivered his papers
to a person whom he believed to be an attorney in order that he might
conduct his defense and that defendant had a good defense inasmuch as
the property in question belongs to him and not to the plaintiff. The court
*a quo* sustained the motion and set aside its judgment. *Held:* That the
negligence of the defendant was inexcusable; that the lower court had
no good ground on which to base the exercise of its discretion, and that
its ruling should be reversed.

The facts are stated in the opinion.

*Mr. Adrian Agosto* for the appellant.

*Mr. L. Santiago Carmona* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The question in this case is whether a judge of a district
court abused his discretion in setting aside a certain judg-
ment rendered by him in an action of unlawful detainer.

On June 28, 1915, Julio Romero Negrón brought an action
of unlawful detainer in the District Court of San Juan, Sec-
tion 2, against Asunción Calderón, alleging that the plaintiff
was the owner of a certain rural property of fourteen *cuerdas*
of land which he acquired at the execution sale under a cer-
tain judgment rendered against the said Calderón, and that
the defendant was in possession of the said property against
the will of the plaintiff and without paying him any con-
sideration therefor.

On July 19, in accordance with the provisions of the special

act governing the matter, the defendant was summoned personally and cautioned in the summons that in case he should fail to appear, judgment would be taken against him without further summons or hearing. On July 23, the date stated in the summons, the trial was held, the defendant not appearing, and the court rendered judgment sustaining the complaint and ordering the defendant to vacate the property within twenty days under penalty of eviction. On July 24 the clerk of the court notified the defendant of the judgment. On October 4, 1915, the plaintiff moved the court for the eviction of the defendant because he had failed to vacate the premises within the time granted, and the court so ordered. The writ was issued and the marshal's return thereon is as follows:

"I CERTIFY: That on October 11, 1915, in compliance with the foregoing order I repaired to the town of Toa Alta and thence to the ward of Galateo, of the said municipal district, to the property named in this writ and in the name of the court ordered defendant Asunción Calderón, who was in the house on the said property, to vacate the property and deliver the same to Julio Romero, the plaintiff in this case.

"Calderón asked for fifteen days in which to vacate the property and plaintiff Julio Romero, in the presence of the marshal, granted the same on the condition that he might live in the house but should not utilize the land for any purpose and should remove his cattle therefrom. Calderón agreed to this. The undersigned marshal consented to the agreement between the parties and told Calderón that if within the period fixed by Romero he failed to vacate the house, he would come personally and evict him from the house and property. That the defendant having failed to vacate the house within the said period, the plaintiff requested the marshal to enforce the writ which had been in his possession since the former occasion. That on November 2, 1915, the marshal again went to the said ward and property and evicted defendant Asunción Calderón, delivering possession of the said property to Julio Romero according to the boundaries described in the foregoing writ."

This being the status of the case, on November 5, 1915, the defendant, by his attorney, Santiago Carmona, moved

the court to set aside the judgment. The pertinent part of the motion reads literally as follows:

"1. That on July 19, 1915, he was summoned to appear before this court. That immediately thereafter he went to Bayamón and delivered all the papers in the matter to José de J. Pesquera, whom he had engaged also to defend him in the action of debt which gave rise to this action. That he returned to his home in Toa Alta in the firm belief that J. Pesquera would answer the complaint, this defendant being confident that José de J. Pesquera could do so as he had stated to him that he would attend to the defense of the case, and defendant had given him a sum of money for that purpose.

"2. That he was in the peaceful enjoyment of his property in Toa Alta when he was dispossessed on November 3, 1915, by the marshal of this court under a default judgment rendered by it against him.

"That the defendant desires to defend himself and has exercised all possible diligence to do so, he having a meritorious defense to this action inasmuch as the property in question belongs to the defendant and not to Julio Romero; that he has been advised by his attorney, L. Santiago Carmona, upon consultation, that he has a good defense and the Municipal Court of Bayamón, on defendant's motion, set aside the judgment by default and allowed this defendant to defend the action of debt which originated the sale at public auction of the property which is the subject-matter of this action of unlawful detainer, all acts subsequent to said default judgment including the sale made by the marshal of that court for the satisfaction of the judgment which was set aside by the court which rendered it, being null and void.

"Wherefore, the defendant prays, in absolute justice, because of the mistake and of the excusable negligence of this defendant, that the court set aside its judgment in the action of unlawful detainer and allow him to answer the complaint.

"I, L. Santiago Carmona, of age, attorney and resident of Bayamón, solemnly swear that the facts stated in this motion are true and certain of my own knowledge as to some and on information and belief as to others which I firmly believe to be true. Bayamón, November 5, 1915. The defendant does not swear to these facts because of his absence from this city. L. Santiago Carmona, attorney for the defendant.

"Subscribed and sworn to before me this fifth day of November, 1915. I am acquainted with affiant, who is an attorney, of age, and resident of Bayamón. (Signed) Quintín Negrón Sanjurjo, Secretary. Copy received this fifth day of November, 1915. A. Agosto, attorney for the plaintiff."

On December 6, 1915, a hearing was had on the motion transcribed. By his attorney the plaintiff opposed the same and also filed a motion to strike it from the record.

Further on in the record there appears a motion of the defendant, dated December 15, 1915, for leave to file an answer. Notice of the motion was not served on the adverse party and the answer is not verified.

Finally, on December 18, 1915, the court ruled on the case as follows:

"As the grounds of this motion are deemed sufficient, it is sustained; therefore the judgment of unlawful detainer rendered by this court is set aside, the default is opened and leave is given to answer the complaint."

From this ruling of the court the plaintiff took the present appeal, at the hearing on which only the attorney for the appellant appeared.

We have narrated the facts at some length because we are of the opinion that the mere statement of them is sufficient to show that they do not justify the action of the court in setting aside the judgment which it had rendered some months before and which had been completely executed when the motion to set it aside was made.

As alleged by the plaintiff in the lower court and before this tribunal, the verification of the motion is plainly defective, but disregarding this and starting from the basis most favorable to the defendant—that is, assuming without so holding that section 140 of the Code of Civil Procedure is applicable—the facts alleged by the defendant do not show that his negligence was excusable. He was not summoned by publication but personally, and notwithstanding the fact

that he was warned in the summons that if he failed to appear judgment would be taken against him without further summons or hearing, he merely entrusted the defense of his interests to a person whom he first calls José de J. Pesquera and then J. Pesquera, without alleging or showing that said person is an attorney admitted to práctise law in this Island. (In the roll of attorneys admitted to practise in Porto Rico there are only two surnamed Pesquera, namely, José L. Pesquera and Ramón S. Pesquera.)    But this is not all.    The judgment was rendered on July 23 and the defendant was notified of it on the 24th of the same month, but took no steps whatever.    The marshal who dispossessed the defendant certifies that on October 11, 1915, he appeared on the property in question and upon demanding that the defendant vacate the same, the latter asked for fifteen days which the plaintiff, who was present, granted on condition that he should only live in the house without utilizing the land, which condition was accepted by defendant Calderón.    No action was taken by the defendant within the fifteen days.    Only after he had been evicted from the property, or when the judgment had been wholly executed, did he move the court to set the judgment aside.

In such circumstances, we repeat, it is impossible to conclude that the defendant's negligence was excusable.    Therefore, the district court had no good ground on which to base the exercise of its discretion and its ruling should be

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.

A motion for reconsideration was overruled on May 11, 1916.